# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

| | |
|---|---|
| JEFFREY EVANS, | PETITIONER |
| V. | NO. 1:08CV092-M-D |
| MDOC, et al., | RESPONDENTS |

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently incarcerated at the Mississippi State Penitentiary, filed this *pro se* complaint pursuant to 28 U.S.C. § 2254. Petitioner complains that he is considered ineligible for a prison job because of erroneous information contained in his prison file. He specifically refers to a conviction in Itawamba County for theft of a gun from the Fulton Police Department. Petitioner is asking that the erroneous information be removed from his prison file so that he may be placed in a county work program and to recover the costs of filing this complaint.

Petitioner has previously complained of these exact same facts in a complaint brought pursuant to 42 U.S.C. § 1983. *See Evans v. Miss. Dept. of Corrections*, No. 4:07CV200-M-D (N.D. Miss. Feb. 12, 2008). The court *also sua sponte* dismissed that matter for failure to state a claim upon which relief may be granted because inmates have no constitutional right to a job while incarcerated. Despite his legal maneuvering by filing his grievance as a § 2254 petition, the final outcome is no different.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner indicates his claims have not been presented to the State's highest court. Therefore, he has not exhausted his available state remedies. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. Consequently, Evans' petition to this court is premature and must be dismissed. Even if Petitioner pursues relief in state court he is unlikely to prevail since he has no protected liberty interest in obtaining a job within the prison system. *Moody v. Doggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L.Ed.2d 236 (1976) (prisoner eligibility for rehabilitation programs are not subject to due process protections).

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Furthermore, the court has obtained documents which directly contradict Petitioner's claim.[2] *See Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) (the court takes judicial notice of the record of the plaintiff's state court proceedings in the circuit court, the Mississippi Supreme Court and the Mississippi Court of Appeals). The documents show that Petitioner was sentenced to five years imprisonment on March 11, 1977, for grand larceny for stealing a "Remington 870 Wingmaster Pump Twelve Gauge Shotgun" from the Fulton Police Department. Additionally, Petitioner was convicted of burglary of a dwelling for stealing, *inter alia*, a "22 caliber Mossberg automatic rifle" and sentenced on March 29, 1985, in Itawamba County. For this crime, Petitioner was sentenced to five years imprisonment.

Accordingly, despite Petitioner's recent correspondence from various Itawamba County officials stating that no incriminating records could be found, it appears as though the information contained in his prison file is essentially accurate notwithstanding some confusion regarding the precise dates. Therefore, his claim is, not only procedurally inappropriate, but also has no merit and shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of June, 2008

/s/ Michael P. Mills
CHIEF JUDGE
UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[2] These documents, totaling eight pages, consist of: (1) a certificate of records; (2) Commitment in cause number 5187; (3) sentencing and custody order; (4) indictment; (5) indictment (continued); (6) sentencing order cause number 5382; (7) revocation order; and (8) letter to B.C. Ruth from R.D. Gregory. The documents will be attached to this opinion and are hereby incorporated by reference.